Supreme Court, Cortland Special Term, December, 1903. Unreported.

In the Matter of the Petition of PATRICK W. CULLINAN, as State Commissioner of Excise, for an Order Revoking and Cancelling Liquor Tax Certificate No. 28,076, Issued to ISAIAH BALDWIN.

MILLER, J.: The facts in this case are conceded. The respondent is a hotel proprietor in the town of Cuyler, County of Cortland, State of New York. At the biennial town meeting held in February, 1903, the result of the vote on the excise proposition was a tie. Thereafter a petition was made by the respondent and ten per cent. of the voters of said town asking for a special town meeting for a resubmission of said proposition. Through some misunderstanding between the attorney for the petitioners and the attorney for the said commissioner of excise and for the citizens of said town, opposed to said application, a default was taken and an order was made on the 27th day of April, 1903, directing the town clerk to call a special town meeting and also directing the county treasurer to issue a liquor tax certificate to the respondent.

It is not claimed that any misrepresentations were made to the court for the purpose of obtaining said order. In pursuance to said order an application was made by the respondent to the county treasurer for a liquor tax certificate and the county treasurer issued such certificate. Subsequently a motion was made by the petitioner herein to open the default, which motion

was granted, a hearing was had on the merits and an order was made on the 30th of June, 1903, vacating the order made on the 27th of April.

This application is now made under subdivision 2 of section 28 of the Liquor Tax Law for an order revoking and cancelling the certificate issued pursuant to said order of April 27th. The respondent has continued to hold said certificate and to traffic in liquors under it.

It is claimed by the petitioner that the respondent made a false statement in his application for a certificate, in that he stated "that he might lawfully carry on the traffic of liquors at said premises," and that the respondent has at different times since said order of June 30th trafficked in liquors unlawfully and wrongfully, while the respondent claims that said statement in said application was not false for the reason that the application was made pursuant to an order of the court, and that said sale of liquors was not unlawful and wrongful, for the reason that he held a liquor tax certificate entitling him to so traffic.

It is clear that the respondent is not now entitled to retain said certificate, and the question is presented whether within the meaning of subdivision 2 of section 28, a liquor tax certificate is wrongfully obtained when applied for pursuant to an order of the court, and whether a sale of liquor is unlawful when made pursuant to a certificate issued to and in the possession of the party making such sale.

The whole difficulty in this matter arises from the fact that neither of the parties called the attention of the court when the order of June 30th was made to the fact that the respondent then held a certificate issued pursuant to the order of April 27th, and that neither of the parties made any application for a direction in the order as to the disposition to be made of such certificate, and doubtless by reason of such omission said order was entirely silent as to the disposition to be made of said certificate.

It is not disputed that the respondent after the hearing of June 30th, offered to surrender to the county treasurer said certificate. It is not claimed that there has been any intentional or willful violation of the law by the respondent.

Under these circumstances it would be exceedingly harsh to make an order, which would deprive the respondent of the rebate that he would otherwise be entitled to, and which might possibly subject him to a criminal prosecution.

An order may be entered, directing the respondent to surrender and the county treasurer to receive said certificate pursuant to section 25 of the Liquor Tax Law, and in default thereof within five days after the service of the order upon the respondent, revoking and cancelling said certificate, with costs of this motion to the petitioner.